FILED
2010 Jan-11  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **HIPOLITO MORALES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHANG HE WANG, d/b/a,** | ) | **Case No.:  4:08-CV-1619-VEH** |
| **CHINA CHEF II,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

This case arises under the Fair Labor Standards Act ("FLSA" or the "Act"). (Doc. 1 at 1 ¶ 1).  Pending before the court is Plaintiff's Motion for Entry of Default Judgment (Doc. 31) (the "Motion") filed on December 10, 2009, against Defendant, who is proceeding *pro se*.  For the reasons discussed below, the Motion is due to be granted.[1]

## II.    STANDARD ON DEFAULT JUDGMENT

In this instance, Plaintiff seeks the entry of a default judgment as a sanction against Defendant pursuant to Rule 37(b)(2)(vi) of the Federal Rules of Civil

---

[1]  Consistent with the Opinion, Plaintiff's Motion to Terminate Hearing (Doc. 34) is due to be granted.

Procedure:

### (b) Failure to Comply with a Court Order.

#### (2) *Sanctions in the District Where the Action Is Pending.*

**(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . .

**(vi)** rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(vi).

Generally, the entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[2] The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987);

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports*, *Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). <u>Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim.</u>" *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007) (emphasis added).

III.   **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

On September 4, 2008, Plaintiff initiated this FLSA case against Defendant. (Doc. 1 at 1).  On June 30, 2009, Plaintiff filed a Motion to Compel (Doc. 22) relating to Defendant's failure to respond to served discovery.  The court held a hearing on the Motion to Compel on August 12, 2009, and entered an order compelling Defendant to respond to the outstanding discovery "no later than September 3, 2009." (Doc. 24 at 1).

On September 25, 2009, Plaintiff filed a Motion for Sanctions (Doc. 25) due to Defendant's continued failure to respond to his discovery requests.  On September 29, 2009, the court entered a show cause order (Doc. 26) on Plaintiff's Motion for Sanctions.  Defendant failed to file any response to this first show cause order. Accordingly, on October 28, 2009, the court granted the Motion for Sanctions with leave for Plaintiff to prove his damages.  (Doc. 28 at 3).

On December 10, 2009, the court set this case for a bench trial on damages. (Doc. 30 at 1).  Plaintiff responded by filing the current Motion.  On December 11, 2009, the court entered another show cause order allowing Defendant until December 31, 2009, to explain why a default judgment should not be entered against him.  (Doc. 32).  To date, Defendant has failed to file a response to this second show cause order.

The complaint alleges that Defendant is "an enterprise engaged in commerce

4

or in the production of goods for commerce within the meaning of the [FLSA,]" and that Defendant is considered to be an "employer within the meaning of 29 U.S.C. § 203(d) of the [FLSA.]" (Doc. 1 ¶ 6). "Specifically, Defendant operates a restaurant." (*Id.* ¶ 5).

The pleading further states that Plaintiff "is a former employee of" Defendant "within the meaning of the [FLSA]" and that he worked "beginning on or about May 23, 2008" and continuing "through most of the month of June, 2008." (*Id.* ¶¶ 4, 7). The complaint maintains that Plaintiff "regularly worked 55 hours or more per week, but was not properly compensated time and a half for hours worked over forty in a week." (*Id.* ¶ 9). The complaint also asserts that Defendant:

> [W]illfully failed to comply with the overtime and minimum rate provisions of the [FLSA] . . . by failing to pay Plaintiff one and one-half times his regular wage, for the duration of his employment, for hours worked above forty that week, and for failing to compensate Plaintiff at the minimum required rate over the period of Plaintiff's employment.

(*Id.* ¶ 10).

The complaint contains one FLSA count for Plaintiff's unpaid overtime wages (Doc. 1 ¶¶ 11-13), and a second FLSA count for unpaid minimum wages. (Doc. 1 ¶¶ 14-16). Both counts seek to recover liquidated damages for Defendant's willfulness, attorneys' fees, and costs. (Doc. 1 ¶ 13(1)-(2); *id.* ¶ 16(1)-(2)).

The Motion seeks the entry of a default judgment in the total amount of

$4,757.00.  The amount of the requested judgment is supported by the affidavit of Plaintiff's counsel (Doc. 31-2), the affidavit of Plaintiff (Doc. 31-3), an unpaid wages calculation chart  (Doc. 31-4), an attorney's fees calculation chart (Doc. 31-5), and an order on attorney's fees entered in an unrelated case not involving Plaintiff's counsel.  (Doc. 31-6).  The components of the requested judgment include $328.50 in unpaid wages; $328.50 in liquidated damages; and $4,100.00 in attorney's fees and court costs combined.  (Doc. 31 ¶¶ 2-3; Doc. 31-2 ¶¶ 5, 8-9, 12).

The hourly rate sought by Plaintiff's counsel is $250.00.[3]  (Doc. 31-5).  The reasonableness of that requested rate is supported by Plaintiff's counsel's affidavit (Doc. 31-2 ¶ 10) as well as an order regarding hourly rates awarded in a job discrimination case in 2003 by the former Chief Judge of this district.  (Doc. 31-6 ¶ 3).  The amount of hours expended and documented by Plaintiff's counsel in prosecuting this case is 15.19.[4]  (Doc. 31-5 at 1).

---

[3]  This is an increase from the hourly rate of $225.00 sought initially by Plaintiff's counsel in this case in 2008.  (Doc. 5-2 ¶ 11) (N.D. Ala. Oct. 23, 2008).

[4]  Plaintiff's counsel has indicated that he has rounded down the total amount of attorney's fees sought.  (Doc. 31-2 ¶ 11).  However, based upon the court's calculation, the $3,797.50 in fees documented in the Motion exactly equals the 15.19 hours in time spent times the $250.00 requested hourly rate.  (Doc. 31-5 at 1).

IV.    ANALYSIS[5]

A.    Appropriateness of Default Judgment as a Sanction

Although the court recognizes that Defendant is unrepresented by counsel in this case, he still must still obey all orders of the court. *See Phipps v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. 1993). Litigants cannot pick and choose which orders of the court they will follow without the risk of suffering significant repercussions.

"The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants." *Id.* at 790. More importantly, a *pro se* defendant's record of a refusal to comply with discovery requests from the other side and orders of the court can result in the imposition of sanctions, including the entry of a default judgment for the failure to defend against the prosecution of an action so long as a record of wilful misconduct is established and sufficient notice of the potential sanction is provided to the offending party. *See, e.g., id.* at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue [or defend] the case."); *see also*

---

[5]   The following analysis comes largely from this court's previous default judgment decision in *Deanda v. 2 Pesos Mexican Café, Inc.*, No. 2:08-CV-1362-VEH, (Doc. 9) (N.D. Ala. Nov. 5, 2008).

7

*Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993) ("Having determined that the defendants willfully violated clear discovery orders, we now turn to the question of whether the sanction imposed for this willful violation was 'just.'"); *Malautea*, 987 F.2d at 1543 ("The defendants received ample notice of the possibility of a default judgment sanction and liberal opportunity to show why the sanction was not deserved.").

Here, Defendant has failed to comply with this court's order compelling him to respond to Plaintiff's outstanding discovery and neglected to respond in any manner to two separate show cause orders relating to this same discovery. Thus, a pattern of Defendant's willfully violating clear discovery orders from this court has been established.

In this court's initial show cause order, the court explained:

> **The court expressly warns Defendant that, if this court determines that he has failed to comply with the court's order entered on August 12, 2009, the court will impose appropriate sanctions, such as entering a default judgment against him.**

(Doc. 26 at 1).

Further, in the court's second show cause order, Defendant was again similarly expressly warned:

> **If Defendant fails to file a response on or before December 31, 2009,**

8

**and if the Motion is granted, then a money judgment will be entered against him, and the bench trial will be cancelled.**

(Doc. 32 at 1).

Therefore, Defendant has been given sufficient notice of the sanction requested by Plaintiff and ample opportunity to explain why a default judgment should not be entered against him. Under such circumstances, the entry of a default judgment is just under Rule 37. Now the court must review the record to determine whether a sufficient basis exists for it to enter a FLSA default judgment against Defendant.

## B.    FLSA Liability

Upon reviewing the complaint, the court concludes that there is a legal basis for awarding default relief against Defendant under the FLSA. The court first addresses whether the Act applies to Defendant.

Plaintiff avers that Defendant acted as an "employer" within the meaning of the FLSA. *See* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."). Whether a person is an "employer" under the FLSA is a question of law. *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986). Because the facts averred in the complaint (admitted as a result of Defendant's sanctionable conduct) establish that the Defendant "operates" a restaurant, the court finds that Defendant is an "employer" under the

9

FLSA.  (Doc. 1 ¶¶ 5-6.)  Through his position as a cook with Defendant (Doc. 31-3 ¶ 3), Plaintiff acted as an "employee" within the meaning of the FLSA.  *See* 29 U.S.C. § 203(e)(1).  Also, by operating a restaurant, Defendant engaged in "commerce" within the meaning of 29 U.S.C. § 203(s)(1).  Therefore, as substantiated by the admitted allegations of the complaint, the FLSA applies to Defendant's employment of Plaintiff.  The court next turns to the sufficiency of the counts alleged against Defendant under the FLSA.

According to count one, Defendant has willfully violated 29 U.S.C. § 207 by failing to compensate Plaintiff for "one and one-half time his regular wage for hours worked above forty per week for the duration of Plaintiff's employment." (Doc. 1 ¶ 12).  Under § 207:

> (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions
>
> > **(1)** Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, <u>for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed</u>.

29 U.S.C. § 207(a)(1) (emphasis added).

10

According to count two, "Defendant willfully failed to compensate Plaintiff Morales at the minimum rate for the duration of Plaintiff's employment." (Doc. 1 ¶ 15). Under § 206:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
>> **(1)** except as otherwise provided in this section, not less than--
>>
>>> **(A)** $5.85 an hour, beginning on the 60th day after May 25, 2007;
>>>
>>> **(B)** $6.55 an hour, beginning 12 months after that 60th day; and
>>>
>>> **(C)** $7.25 an hour, beginning 24 months after that 60th day;

29 U.S.C. § 206(a)(1)(A)-(C).

As more specifically explained in Plaintiff's affidavit, Plaintiff "typically worked 55 hours per week, but only received $300 per week in compensation." (Doc. 31-3 ¶ 3). The hourly rate of pay for Plaintiff based upon this weekly compensation translates into $5.45. (Doc. 31-4 at 1). This hourly rate falls below the applicable minimum statutory level of $5.85 established under § 206 and does not factor in any overtime component under § 2067, despite Plaintiff's working in excess of forty

hours.  Therefore, FLSA liability of Defendant is established under count one and count two of the complaint.

### C.     Relief

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records*, 510 F. Supp. 2d at 593(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003) (finding that federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999) ("Even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty."); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga.1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).

The court may make its determination as to the appropriate remedy with or without a hearing.  *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(B) ("The court <u>may conduct</u>

hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages[.]" (emphasis added).  Addressing this issue in another case, Judge Steele again provides this court with a helpful framework, writing:

> [T]here is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record). Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n.27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir.2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir.1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C.2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp. 2d 234, 243 (D.P.R.2000) (similar).

*Atlantic Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024-1025 (S.D. Ala. 2007); *see also DLJ Mortg. Capital, Inc. v. Sunset Direct Lending, LLC*, No. 07-CV-

1418-HB, 2008 WL 4489786, at *4 (S.D.N.Y. October 6, 2008) ("A court may determine the appropriate damages on the basis of affidavits and other documentary evidence, 'as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment.'") (quoting *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In the current case, a hearing is not necessary, because Plaintiff has provided the court with sufficient affidavits and documentary evidence to support his requests for relief.

### 1.   Statutory Damages

#### a.   Unpaid Wages Calculation

In relevant part, 29 U.S.C. § 216(b) states:  "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  Given this standard, the court looks to the record provided by Plaintiff to determine the damages.

As stated previously, Plaintiff's claim for statutory damages must be supported by the record, since in a default judgment proceeding, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors*

14

*Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir. 1979)).

Pursuant to 29 U.S.C. § 216(b),  Plaintiff is due to recover the amount between his actual wage and the minimum and/or overtime wages he should have received under the FLSA while employed by Defendant.  The hourly rate of pay for Plaintiff (based upon $300.00 in weekly compensation and a fifty-five hour work week) was equal to $5.45 from May 23, 2008, through June 20, 2008.  (Doc. 31-4 at 1).

Based upon the applicable FLSA statutory rates, Plaintiff would have been due to receive a minimum wage of $5.85 for the duration of his employment with Defendant, which lasted approximately five weeks.  (Doc. 31-4 at 1).  Based upon a forty hour work week, this amounts to $234.00 in minimum wages due each week.

As for the fifteen hours in estimated overtime worked, Plaintiff was due $131.625 (*i.e.*, (($5.85/2 + $5.85 = $8.775) x 15 hours = $131.625) in additional weekly compensation.   Totaling Plaintiff's minimum and overtime wages due together (*i.e.*, $234.00 + $131.625 = $365.625) and factoring in a weekly salary of $300.00, Plaintiff was due to receive an additional $65.625 in minimum and overtime weekly wage compensation during his employment with Defendant.  Multiplying $65.625 times five weeks of employment and rounding this figure up, the total FLSA

15

underpayment due to Plaintiff equals $328.13.[6]

### b.   Liquidated Damages

Additionally, under the FLSA, Plaintiff is entitled to have this amount doubled, since "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"  29 U.S.C. § 216(b).[7] Thus, Plaintiff is due a sum of $656.26 (*i.e.*, $328.13 x 2) as his total statutory damages due under the FLSA.

### 2.   Attorney's Fees

Plaintiff seeks a total of $4,100.00 in attorney's fees and costs.  Plaintiff's

---

[6] The court notes that this amount differs slightly from Plaintiff's calculation of $328.50.  (Doc. 31-4 at 1).  This variation relates to Plaintiff's miscalculation of his overtime weekly wages due to be $131.70 (Doc. 31-4 at 1) instead of $131.63.

[7] Ordinarily, Defendant would have the opportunity to mount a "good faith" defense under 29 U.S.C. § 260, which would allow the court to have discretion in awarding liquidated damages.  The employer bears the burden of establishing this defense.  *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991).  Having made no such effort, this court lacks such discretion, and, in any event, since the admitted facts establish that the violations were willful (*see* Doc. 1 ¶¶ 17-18), a finding of good faith would be inconsistent with willfulness.  *See, e.g., Alvarez Prez v. Sanford-Orland Kennel Club, Inc*., 515 F.3d 1150, 1164 (11th Cir. 2008) (holding that a willfulness finding by a jury "precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question.").

counsel has indicated that his attorney's fees constitute $3,797.50 of the $4,100.00 combined figure. (Doc. 31-5 at 1).

The FLSA authorizes an award of attorney's fees under 29 U.S.C. § 216(b), which states, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Soloman & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases.").

An award of attorney's fees award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "This 'lodestar' may then be adjusted for the results obtained." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir.1988) (other citation omitted)). "Although a district court has wide discretion in performing these calculations, '[t]he court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those

17

decisions, and show its calculation.'" *Loranger*, 10 F.3d at 781(quoting *Norman*, 836

F.2d at 1304) (internal citation omitted).   The Eleventh Circuit has applied this

method in the FLSA context, incorporating the factors used in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other*

*grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).  *See Kreager v. Solomon*

*& Flanagan, P.A.*, 775 F.2d 1541, 1543-1544 (11th Cir. 1985); *Jones v. Central Soya*

*Co., Inc.*, 748 F.2d 586, 591 (11th Cir. 1984) (applying lodestar method under § 216

in an ADEA case), *disapproved on other grounds by Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air*, 483 U.S. 711, 727 (1987).   Accordingly, the

court will analyze the application for attorney's fees using the lodestar method.

### a.    Reasonable Hourly Rate

To determine a reasonable hourly rate, the court looks to the attorney's skill,

experience, and reputation.   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.

1994).[8]  Also, the "party who applies for attorney's fees is responsible for submitting

---

[8]  In determining this amount, the court may consider the twelve *Johnson* factors:   (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305, n.

18

satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).   Typically, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). However, the court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award.  *See Loranger*, 10 F.3d at 781 ("A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Swisher v. The Finishing Line, Inc.*, No. 6:07-CV-1542-Orl-28UAM, 2008 WL 4330318, at *6 (M.D. Fla. Sep. 22, 2008) (citing *Loranger* and *Norman* when the movant for attorney's fees in an FLSA case did not provide enough information for the court to establish whether the rate was reasonable and on its own initiative, comparing requested rate to rates awarded in other similar cases in the jurisdiction, including those in which the attorney had participated).

Here, Plaintiff's counsel has only provided the court with his affidavit and an

---

8 (S.D. Fla. 2008) (citing *Schafler v. Fairway Park*, 147 Fed. Appx. 113 (11th Cir. 2005); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

order in a non-FLSA case (unrelated to him) to establish that his requested fee is reasonable.  (Doc. 31-2 ¶ 10; Doc. 31-6).  The attorney's fee calculation from Plaintiff's counsel lists each task completed in litigating this case and assigns a rate of $250.00 per hour.  (Doc. 31-5 at 1).

Plaintiff counsel does not indicate what his customary rate is.  Nor does counsel list any FLSA cases in which he has sought to recover an attorney's fee.[9] Plaintiff counsel also fails to explain why the attorney fee order entered in the non-FLSA case in which he did not even serve as counsel is indicative that the rate he seeks in this default judgment action is reasonable.

While the evidence submitted by Plaintiff fails to meet the burden of establishing the reasonableness of the fees, the court's own research has established that the requested rate is indeed a reasonable one.  Recent cases from district courts within the Eleventh Circuit have concluded that an hourly rate of $250.00 is reasonable when faced with similar circumstances.  *See*, *e.g.*, *Heaps v. Parker Oil*

---

[9] The court's own independent research shows that Plaintiff's counsel has another almost identical FLSA claim in a case currently pending before this court. *See Rodriguez v. Greensprings*, No. 2:09-CV-1815-VEH.   In that litigation, Plaintiff's counsel seeks an attorney fee award at the hourly rate of $250.00. *Id.* (Doc. 11-3 ¶ 8) (N.D. Ala. Nov. 19, 2009).  In another comparable FLSA case decided roughly fourteen months ago, this court awarded attorney's fees to Plaintiff's counsel at the rate of $200.00 per hour. *See Deanda*, (Doc. 9 at 16) (N.D. Ala. Nov. 5, 2008).

*Co.*, No. 5:06-CV-4637-CLS, (Doc. 87 at 3) (N.D. Ala. Sept. 25, 2008) (finding that $250.00 rate was reasonable as to work performed in an uncontested FLSA proceeding (in lieu of $300.00 rate requested)); *see also Swisher*, 2008 WL 4330318, at *6 (finding that a rate of $250.00 per hour was reasonable in the Orlando market in a similar FLSA case).  Additionally, this case presents fairly routine issues arising under the FLSA with a single plaintiff, and Plaintiff's counsel has substantial experience in litigating FLSA cases.  *See, e.g.*, *Deanda*, No. 2:08-CV-1362-VEH; *Rodriguez*, No. 2:09-CV-1815-VEH; *Rivera v. Demetris Bar B Que, Inc.*, No. 2:08-CV-00483-JHH; *Arrellano v. Bento Japanese Restaurant II, et al*, No. 2:07-CV-0119-WMA; *Garcia v. Fulton, et al*, No. 2:07-CV–1466-IPJ; *Manriquez v. Lone Star Steakhouse and Saloon, Inc.*, No. 2:07-CV-01120-WMA; *Turcio v. Express Maids*, No. 2:07-CV-02156-IPJ.  Thus, considering that the rate is in line with those awarded in other prior FLSA cases, the relative complexity of the matter, and the experience of the attorney, the court finds that the requested hourly rate of $250.00 is a reasonable one.

### b.    Reasonable Number of Hours

Plaintiff's counsel avers that he worked 15.19 hours in the course of pursuing the FLSA minimum wage and overtime claims in this lawsuit. (Doc. 31-5 at 1).  The court finds that this figure represents a reasonable expenditure of time for such a

matter, given that during this time Plaintiff's counsel opened the file, drafted discovery, worked with former opposing counsel on the parties' Rule 26 report, communicated with former opposing counsel about Defendant's overdue discovery, drafted and filed a motion to compel, attended a hearing in Anniston, filed for sanctions, gathered evidence proving damages, prepared supporting affidavits, filed a motion for entry of default judgment, and closed the file.

Accordingly, the total number of reasonable hours spent by counsel on this case is 15.19 hours. Multiplied by the reasonable hourly rate of $250.00 per hour, the total amount of reasonable attorney's fees is $3,797.50.

### 3. Costs

Finally, the court turns to Plaintiff's request for costs. Plaintiff does not specify the item or amount that he seeks in costs. The filing fee charged by the court for initiating a lawsuit is a customary item that a party may recover as a cost. In this instance, that fee was $350.00. (Doc. 1 (noting filing fee of $350.00 in CM/ECF docket entry)).

The court finds that Plaintiff is due to receive a portion of these reasonable costs, so long as the total amount awarded does exceed the specifically requested judgment of $4,757.00. This means that Plaintiff is due to recover $303.24 (versus $350.00) in costs (*i.e.*, $4,757.00 - ($3,797.50 in attorney's fees + $656.26 in FLSA

statutory damages =  $4,453.76) = $303.24).

## V.   CONCLUSION

In sum, Plaintiff's damages calculations are supported by sufficient proof and appear to be fair and accurate under the circumstances.  Relatedly, Plaintiff's request for attorney's fees and costs is reasonable.  Accordingly, Plaintiff is entitled to:

1.     An award of $328.13 in unpaid minimum and overtime wages;

2.     An award of $328.13 in liquidated damages;

3.     An award of $3,797.50 in attorney's fees; and

4.     An award of $303.24 in court costs.

Therefore, Plaintiff's Motion seeking a final default judgment in the total amount of $4,757.00 is due to be granted under the FLSA.  A separate order of final default judgment will be entered.

**DONE** and **ORDERED** this the 11th day of January, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge